22 C. C. P. A. (Patents)

### OLSON v. THOMPSON.

Patent Appeal No. 3386.

Court of Customs and Patent Appeals.
May 27, 1935.

Cheever, Cox & Moore and Cox & Moore, all of Chicago, Ill. (John A. Marzall and Roy H. Olson, both of Chicago, Ill., of counsel), for appellant.

Fred Gerlach and Norman H. Gerlach, both of Chicago, Ill., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Appeals of the United States Patent Office reversing the decision of the Examiner of Interferences awarding priority of invention to appellant.

The invention in issue relates to a lock washer, the inventive feature of which is expressed in the last clause of the single count in issue.

The count reads:

"1. A lock washer consisting of a flat ring-shaped body formed of thin resilient metal and having an annular series of radially extending notches cut in one of the margins thereof, said body being slit circumferentially at the inner ends of the notches to form tongues at ·the sides of the notches, said tongues being bent obliquely relatively to the body so that the free or outer ed*t*es thereof are parallel to the body, *the notches being of such width that sufficient material is removed from the body between the tongues to prevent said tongues from overlapping in the event they stretch as a result of being bent obliquely.*" (Italics ours.)

Appellant, ·Olson, filed his application January 31, 1929, and, as no evidence was submitted by him, he is restricted to that date for conception and reduction to practice.

Appellee's, Thompson's, application was filed May 20, 1929, and matured into patent No. 1,775,705, issued September 16, 1930.

Appellant, Olson, copied claim 1 of the Thompson patent, which is the single count in issue.

As the applications of the parties were copending, and as appellee was the junior party, the burden was upon him to establish priority of invention by a preponderance of the evidence, and not beyond a reasonable doubt, as claimed by counsel for appellant. We deem it unnecessary to cite authorities in support of that elementary proposition.

Appellee submitted evidence for the purpose of establishing that he conceived the invention as early as February 3, 1926; that, on June 17, 1926, he made a device—

Exhibit No. 1, which, it is claimed, corresponds to the count in issue; that the exhibit, after it was disclosed to appellee's witnesses, was put away in a vault of the Thompson-Bremer & Co. for safe-keeping; that several days thereafter appellee made a device, which was introduced in evidence as Exhibit No. 2, which, it is alleged, also corresponds to the count in issue; and that, shortly thereafter, he reduced the invention to practice by successfully testing that exhibit.

It clearly appears from the record that Exhibit No. 1 was made by appellee not later than June 17, 1926; that that exhibit corresponds to the count in issue; that a few days thereafter, the precise date of which is not established, appellee made Exhibit No. 2, which also embodies the invention in issue; and that so-called "shop tests" were made of that exhibit. That is to say, as stated by appellee, he tested it by trying it out "with a screw and nut to determine if it had any locking qualities, which" he "found it did."

The test referred to was made in the presence of the witness Mr. N. O. Thompson, father of appellee, who stated that he observed several tests of the character mentioned by appellee, and that they were satisfactory.

It clearly appears from the testimony of appellee, and his corroborating witnesses Block, Powell, and N. O. Thompson, that appellee made several washers of the type here involved, and tested them, in the manner hereinbefore mentioned, at various times during the summer of 1926.

Counsel for appellant do not seriously contend in their brief that appellee was not the first to conceive the invention. On the hearing in this court, it was conceded by counsel for appellant that appellee was the first to conceive the invention, and that so-called "shop tests" were made during the summer of 1926 for the purpose of establishing the utility of it.

There was no difference of opinion between the Examiner of Interferences and the Board of Appeals as to the construction of Exhibit No. 1, nor is it seriously contended by counsel for appellant that the exhibit is not a full embodiment of the invention. Accordingly, we hold that it has been established that appellee conceived the invention not later than June 17, 1926.

The sole question remaining for determination, therefore, is whether the tests actually made by appellee were sufficient to establish reduction to practice.

The Board of Appeals in reversing the holding of the Examiner of Interferences that such so-called "shop tests" were not sufficient to establish reduction of the invention to practice, among other things, said, "We do not agree with the holding of the examiner of interferences that this testimony is insufficient to establish reduction to practice, especially when the nature of the device is taken into consideration. Spring lock washers are very old in the art, as shown by the patent to Ammons, No. 997,359, referred to in the record and briefs. The contention of Olson that to constitute a reduction to practice there must have been long tests of actual and commercial use is not well taken. Spring lock washers are used in thousands of positions, * * *" and, accordingly, held that as appellee was the first to conceive and the first to reduce the invention to practice, he was entitled to an award of priority.

It is contended here by counsel for appellant that in order to reduce the invention to practice, it was necessary that Exhibit 2 be tested under ordinary working conditions.

The purpose of the invention, as stated in the application of appellee, was to provide a lock washer, which would more efficiently "lock the nut." The same purpose seemed to have actuated appellant, because, in his specification, he stated that he desired to secure "increased locking effectiveness of the washer." Appellant further stated, however, that the purpose of his invention was to provide a washer, which would "secure the nut against unscrewing." Strangely enough, counsel for appellant, on oral argument in this court, insisted that in order to demonstrate the practicability of the invention in issue, it was necessary to submit it to actual operation under ordinary working conditions for a sufficient length of time to establish that the invention would effectively secure the "nut against unscrewing." Counsel was unable to suggest just what such a test would require.

If the purpose of the invention was to increase "locking effectiveness of the washer," and we think it was, then, as held by the Board of Appeals, considering the simplicity of the invention, one skilled in the art would need but make the simple test made by appellee to establish its practicability.

Counsel for appellant have suggested in their brief that if it be assumed that appellee perfected the invention in June, 1926, a fact which we find fully established by the record, then, in that event; he had suppressed and concealed the invention, and that, therefore, the doctrine of estoppel was applicable.

We find nothing whatsoever in the record to suggest that appellee suppressed, concealed, or abandoned his invention, and, therefore, find it unnecessary to enter upon a discussion of that issue.

. It clearly appears from the record that as soon as it was practicably possible for appellee, his invention was commercialized; and that it was a distinct advancement in the art.

In view of the facts of record, we are of opinion that appellee was the first to conceive the invention and the first to reduce it to practice; that he did not abandon, suppress, or conceal it; and that he is entitled to an award of priority.

The decision of the Board of Appeals is affirmed.

Affirmed.